# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

THOMAS RICHARDSON, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

NV5, INC., a Delaware corporation,

    Defendant.

_____

## COMPLAINT AND JURY DEMAND
_____

Plaintiff Thomas Richardson ("Plaintiff"), on behalf of himself and all others similarly situated, by and through counsel, Leventhal Lewis Kuhn Taylor Swan PC, complains as follows:

## NATURE OF THE ACTION

1. This action is brought on behalf of all inspectors holding comparable positions with different titles (collectively "Inspectors")[1] employed by NV5, Inc. ("Defendant") in the United States during the last three (3) years, plus any period of tolling, and who were not properly paid overtime compensation.

2. This case is brought as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"). Plaintiff alleges that Defendant violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, by failing to pay Inspectors required overtime compensation.

---

[1] These titles include, but are not limited to, Inspector, Special Inspector, Inspector and Plans Reviewer, Building Inspector, Construction Inspector, Construction Field Inspector, and Utility Inspector.

3. This case is also brought as a class action under Fed. R. Civ. P. 23 and the Colorado Overtime and Minimum Pay Standards Order ("COMPS Order"), 7 Colo. C. Reg. § 1103-1. Plaintiff alleges that Defendant violated the COMPS Order by failing to pay Inspectors overtime compensation at applicable rates as required by law.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff alleges a claim under the FLSA.

5. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because the state law claim is so related to the FLSA claim that it forms part of the same case or controversy.

6. Defendant is subject to personal jurisdiction in Colorado because it has availed itself of the privilege of conducting substantial business in Colorado and certain of the acts and omissions alleged herein arise out of Defendant's activities in Colorado.

7. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred in this District.

## THE PARTIES

8. Plaintiff is, and was at all times relevant to this action, an adult individual domiciled in Elbert, Colorado.

9. Defendant is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Hollywood, Florida. Defendant is primarily in the business of engineering and consulting services. With more than 3,000 employees at over 100 locations throughout the world (including in Colorado) and annual revenue exceeding $200 million,

Defendant is a thriving entity. Defendant is publicly traded on the Nasdaq Exchange as NVEE.

## COLLECTIVE ACTION ALLEGATIONS

10. Plaintiff seeks to prosecute his FLSA claim as an "opt-in" collective action on behalf of all persons who are or were employed by Defendant as Inspectors (or similar title as defined *supra*) in the United States at any time in the last three (3) years, plus any period of tolling, through the entry of judgment in this case and who were not paid overtime for all hours worked in excess of forty (40) in a workweek ("Collective").

11. Plaintiff will fairly and adequately protect the interests of the members of the Collective and has retained counsel who are experienced and competent in the fields of wage and hour law and collective action litigation. Plaintiff has no interest contrary to or in conflict with the members of the Collective.

12. The members of the Collective are similarly situated because, among other things, they were all victims of the same company-wide policies and procedures that failed to pay them all the wages to which they are entitled under the FLSA.

## CLASS ACTION ALLEGATIONS

13. Plaintiff sues on his own behalf and on behalf of a class of employees under Rules 23(a), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure based on Defendant's violations of the COMPS Order.

14. Plaintiff brings his Colorado state law claim on behalf of all employees who were employed by Defendant in Colorado at any time in the last three (3) years, plus any period of tolling, through the date of the entry of judgment in this case who hold or held the position of Inspector (or similar title as defined *supra*) and who were not paid overtime compensation for all

hours worked, or at an appropriate rate of pay for all hours worked, in excess of forty (40) in a workweek and/or twelve (12) in a workday ("Overtime Class").

15. The members of the Overtime Class are so numerous that joinder of them is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are dozens of members of the Overtime Class.

16. Plaintiff's claims are typical of the claims of the members of the Overtime Class. Plaintiff performed the same essential job duties as the members of the Overtime Class; Defendant paid Plaintiff and the members of the Overtime Class pursuant to the same policies and procedures; and Plaintiff and the members of the Overtime Class were victims of the same wrongful conduct in which Defendant engaged in violation of the COMPS Order.

17. The class action mechanism is superior to any alternatives which may exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which injured parties can effectively litigate against highly-capitalized corporate defendants like Defendant. Numerous repetitive individual actions would also place an undue burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendant's conduct.

18. Defendant has acted or refused to act on grounds generally applicable to the

Overtime Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Overtime Class as a whole.

19. Plaintiff is committed to pursuing this action and has retained competent counsel who are experienced in wage and hour law and class action litigation.

20. Plaintiff will fairly and adequately protect the interests of the members of the Overtime Class.

21. There are questions of law and fact common to the Overtime Class which predominate over any questions solely affecting the individual members of the Overtime Class, including, but not limited to:

  a. Whether Defendant employed the members of the Overtime Class within the meaning of the COMPS Order;

  b. Whether Defendant's policies and practices described within this Complaint are illegal;

  c. Whether Defendant properly paid the members of the Overtime Class for all hours they worked;

  d. Whether Defendant properly tracked and/or calculated the number of overtime hours payable to the members of the Overtime Class based on their work beyond forty (40) hours in a workweek and/or twelve (12) hours in a workday;

  e. What proof of hours worked is sufficient where, as here, Defendant failed in its duty to keep and maintain accurate time records; and

  f. Whether Defendant is liable for all damages claimed hereunder.

## STATEMENT OF FACTS

22. Defendant provides engineering and consulting services to public and private entities throughout the United States and around the world. Among other things, Inspectors verify that projects are proceeding correctly. They follow a standardized process involving well-established techniques and procedures, and they work within closely prescribed limits. Defendant employs all Inspectors and establishes their pay practices.

23. Inspectors are compensated on an hourly basis, are paid twice monthly, and should be paid overtime compensation for hours worked over forty (40) in a workweek and/or over twelve (12) in a workday.

24. Plaintiff has been employed as an Inspector—specifically a "Construction Inspector"—by Defendant in Colorado Springs, Colorado. Plaintiff began his employment on or around March 9, 2016. His employment continues to the present.

25. Plaintiff's February 16, 2016 offer letter specified that he was to be classified as a non-exempt employee. Specifically, the offer letter explained that "[a]s a non-exempt employee with NV5, Inc., [Plaintiff] will be entitled to overtime pay."

26. A May 13, 2016 email from Laura Troyk, Defendant's Recruiting Coordinator, to Plaintiff confirmed that he is "in [Defendant's] system as non-exempt[.]"

27. A May 16, 2016 email from Heather Ramos, Defendant's Payroll/Benefits Specialist, to Plaintiff agreed that Plaintiff "is a non-exempt employee and when OT is worked we have to pay him time and a half per FLSA."

28. As an Inspector, Plaintiff typically reviews drawings and specifications of particular projects and then prepares agendas for preconstruction meetings involving the general

contractor, major subcontractors, project managers, project design engineers, utility owners, quality assurance contractors, and client representatives.

29.    Both before and during construction, Plaintiff receives submittals by contractors and then forwards the documents to engineers for analysis. Plaintiff likewise receives requests for information from contractors.

30.    During the pendency of construction, Plaintiff typically spends full days at the construction site. While there, Plaintiff is tasked with ensuring that work is being performed in accordance with designs and requirements of the applicable contract. Plaintiff documents the progress of construction with photographs and via a daily log. Plaintiff acts as a conduit between contractors, engineers, and project managers.

31.    Near the end of construction, Plaintiff compiles a punch list of outstanding items and accompanies the project principals on a final inspection.

32.    Plaintiff receives monthly requests for payment by contractors. Plaintiff does not approve or reject such requests; rather, after reviewing billable items, Plaintiff forwards the requests to the project managers for approval and processing.

33.    With all of his job duties, Plaintiff has limited discretion.

34.    During the first ten weeks of his employment (*i.e.*, between March 6, 2016 and May 19, 2016), Plaintiff was properly paid for the overtime he worked, albeit only after he complained about missing overtime compensation.

35.    On or around May 19, 2016—mere days after Plaintiff complained about not being paid the overtime compensation to which he was entitled—Defendant changed Plaintiff's title from "Construction Inspector" to "Construction Manager." Nothing about Plaintiff's job or job

duties changed.

36. Plaintiff, like other Inspectors, does not have the authority to hire or fire employees. He does not supervise any other employees. He does not have authority to exercise discretion or independent judgment as to matters of significance and is not involved in Defendant's management.

37. Inspectors routinely work more than forty (40) hours per workweek. For example, Plaintiff often worked over fifty (50) hours per workweek. During the week ending February 20, 2021, Plaintiff worked 53.5 hours. During the week ending on September 25, 2021, Plaintiff worked 55 hours. During the week ending May 14, 2022, Plaintiff worked 50.5 hours.

38. Defendant has failed to pay Inspectors, including Plaintiff, for all hours worked and/or to properly calculate Inspectors' proper rates of overtime pay.

39. Defendant has in place inadequate timekeeping methods for tracking and recording the time Inspectors spend working.

40. Defendant has a uniform policy and practice to not pay Inspectors for all hours worked in excess of forty (40) per workweek and/or twelve (12) per workday. For example, Defendant would not consistently pay Inspectors at the proper overtime rate (not less than one-and-one-half their regular rate of pay).

41. Defendant's violations of the FLSA are not in good faith. Defendant is, and has been, well aware of its legal obligation to pay overtime compensation because, among other things, Plaintiff complained about Defendant's failure to properly pay overtime. On numerous occasions between 2016 and 2020, Plaintiff complained to his supervisor, Clyde Pikkaraine, and other managers/executives about his failure to receive the overtime compensation to which he is entitled.

42. On or about March 5, 2020, Mr. Pikkaraine asserted to Plaintiff that he was not entitled to overtime compensation because of the FLSA's "Learned Profession" exemption. However, Plaintiff's primary job duty does not involve the performance of work requiring advanced knowledge insofar as such work is not predominantly intellectual in character and does not require the consistent exercise of discretion and judgment. Any knowledge required for the performance of Plaintiff's job duties does not involve advanced training in a field of science or learning, nor does Plaintiff have experience in a prolonged course of specialized intellectual instruction. Plaintiff does not have a college degree or specialized certifications.

43. In a series of telephone calls and emails during the second and third weeks of February 2022 with Jessica Killian, Defendant's Managing Director of its Denver office, Plaintiff was told that Ms. Killian had discussed Plaintiff's compensation complaints with Todd George, Defendant's Chief Operating Officer, and MaryJo O'Brien, an Executive Vice President of Defendant. Ms. Killian admitted that, when it came to Plaintiff's overtime concerns, "everyone agrees that this wasn't handled the right way."

44. On or about March 9, 2022, Ms. O'Brien agreed that Plaintiff should be classified as a non-exempt employee (and thus entitled to overtime compensation).

45. Defendant apparently recognized that it had misclassified and underpaid Plaintiff. On or about March 11, 2022, Mr. George and Ms. Killian offered Plaintiff $10,000 of restricted stock to make up for his uncompensated overtime. This restricted stock would not vest for three years. Not only would this approach require Plaintiff to work until the age of 74, it represented only a small fraction of the compensation to which Plaintiff is entitled.

46. Between March 13, 2022 and April 2, 2022, Plaintiff received proper compensation

for the overtime he worked during those three weeks. But starting on April 3, 2022 through the present, Plaintiff again is only being paid for a straight forty (40) hours per week despite working more than forty (40) hours per workweek and/or twelve (12) hours per workday; he has not been paid for the overtime he worked.

47. Upon Plaintiff's additional complaints, Lori Goodwin, one of Defendant's Vice Presidents, told Plaintiff on June 24, 2022 that his missing overtime wages would be paid. Those wages have not been paid.

48. Throughout his employment, and continuing to today, Plaintiff has been an excellent employee. His annual performance evaluations have been positive and complimentary.

## FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT – COLLECTIVE ACTION

49. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

50. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA.

51. At all relevant times, Defendant employed, and/or continues to employ, each of the members of the Collective within the meaning of the FLSA.

52. At all relevant times, Defendant has had gross annual revenues in excess of $500,000.

53. Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). A copy of Plaintiff's written consent is attached as Exhibit 1.

54. At all relevant times, Defendant has had a uniform policy and practice to not pay Inspectors for all hours worked and/or to not pay overtime compensation for all overtime hours worked at legally mandated rates.

55. As a result of Defendant's failure to properly compensate its employees, including Plaintiff and the members of the Collective, Defendant has violated, and continues to violate, the FLSA.

56. As an employer within the meaning of the FLSA, Defendant has a duty to create and maintain records of employee hours. Defendant failed to do so.

57. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

58. Due to Defendant's FLSA violations, Plaintiff, on behalf of himself and the members of the Collective, is entitled to recover from Defendant unpaid overtime compensation, liquidated damages, Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, attorneys' fees, costs, and disbursements of this action pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## COMPS ORDER – CLASS ACTION

59. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

60. At all relevant times, Plaintiff and the members of the Overtime Class were employed by Defendant within the meaning of the COMPS Order.

61. Because Defendant was, at all relevant times, an employer within the meaning of the FSLA, it was also an employer within the meaning of the COMPS Order pursuant to 7 CCR § 1103-7-2.7.

62. Defendant violated the COMPS Order by failing to pay Inspectors all overtime compensation to which they are entitled at the legally required rates.

63. Plaintiff and the members of the Overtime Class are entitled to recover from

Defendant overtime compensation at the appropriate premium for all hours worked over forty (40) in a workweek and twelve (12) in a workday, any statutory penalties, Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, attorneys' fees, costs, and disbursements of this action pursuant to the COMPS Order.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and all other members of the Collective and Overtime Class, requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the members of the Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated members of the FLSA collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of the members of the Overtime Class and appointing Plaintiff and his counsel to represent the Overtime Class;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and COMPS Order;

d. An injunction requiring Defendant to cease its unlawful practices under, and to comply with, the COMPS Order;

e. An award of overtime compensation due under the FLSA and the COMPS Order;

f. An award of liquidated damages and/or statutory penalties as a result of

    Defendant's willful failure to properly pay overtime compensation;

g. An award of damages representing Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

h. An award of pre-judgment and post-judgment interest at the maximum rate permitted by law;

i. An award of costs and expenses of this action together with attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he and all members of the Collective and Overtime Class have a right to jury trial.

Respectfully submitted this 21st day of September, 2022.

> */s/ Andrew E. Swan*
> Michael D. Kuhn
> Andrew E. Swan
> LEVENTHAL | LEWIS
> KUHN TAYLOR SWAN PC
> 620 North Tejon Street, Suite 101
> Colorado Springs, CO 80903
> Telephone:  (719) 694-3000
> Facsimile:   (866) 515-8628
> Email:       mkuhn@ll.law
>               aswan@ll.law
>
> *Attorneys for Plaintiff*