IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:22-cv-02454-RM-SKC

THOMAS RICHARDSON,
*on behalf of himself and all others similarly situated*,

Plaintiff,

v.

NV5, INC., *a Delaware corporation*,

Defendant.

---

**ORDER RE: PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION (DKT. 25)**

---

Defendant NV5, Inc., provides engineering and consulting services to public and private entities throughout the U.S. and internationally. Dkt. 1 at ¶22.[1] Since March 9, 2016, Plaintiff Thomas Richardson has been employed as a Construction Inspector with Defendant wherein he verifies that clients' construction projects are proceeding according to the plans. *Id*. at ¶¶ 22, 24. For payroll purposes, Defendant classified Plaintiff as "non-exempt" when he was hired and paid him on an hourly

---

[1] The following facts are taken from Plaintiff's Complaint and presumed to be true for the purposes of this Motion. The Court uses "Dkt. __" to refer to entries from the electronic CM/ECF docket.

1

basis thus entitling him to overtime pay. *Id.* at ¶¶25-27. Thereafter Plaintiff routinely worked more than forty hours each work week. *Id.* at ¶37.

On May 19, 2016, Defendant changed Plaintiff's title to Construction Manager, although none of his job duties changed. *Id.* at ¶ 35. Under this new title, Defendant considered Plaintiff to be a "Learned Professional," and reclassified his position as "exempt" from overtime. *Id.* at ¶42. Following a series of conversations between Plaintiff and Defendant about Defendant's reclassification of his position to "exempt," Defendant again reclassified Plaintiff as "non-exempt" and offered to pay Plaintiff for the previous unpaid overtime—for the period when Defendant classified him as exempt—in $10,000 of restricted stock. *Id.* at ¶¶43-45. Following the reclassification, Defendant failed to pay Plaintiff for the overtime hours he worked. *Id.* at ¶46.

Plaintiff filed this collective action on September 21, 2022, asserting—as relevant here—that Defendant violated the Fair Labor Standards Act (FLSA) by failing to pay its Inspectors overtime compensation for time worked over forty hours per workweek. *Id.* at ¶¶49-58. He asserts this claim on behalf of himself and members of a collective, *id.* at ¶58, and now seeks conditional certification.[2] Dkt. 25. Defendant contends Plaintiff has failed to meet his burden of demonstrating he is similarly situated to the collective he seeks to represent. Dkt. 27.

---

[2] Plaintiff also seeks approval of his *Hoffman-LaRoche* Notice as well as equitable tolling for the opt-in plaintiffs. Considering the Court's conclusions on conditional certification, it does not address these requests.

2

The Motion is before this Court on a referral from District Judge Raymond P. Moore. Dkt. 26. The Court has carefully reviewed the Motion, the related briefing, and the applicable law. No hearing is necessary. For the reasons discussed below, the Motion is denied without prejudice.[3]

## ANALYSIS

**A.  Legal Standard**

Section 216(b) of the FLSA, allows collective actions for minimum wage and/or overtime violations. 29 U.S.C. § 216(b). Under the statute, "a covered employer must pay its employees for the time that it employs them." *Peterson v. Nelnet Diversified Solutions, LLC*, No. 17-cv-01604-NYW, 2018 WL 3470604 at *3 (D. Colo. Apr. 25, 2018). The FLSA "defines the verb 'employ' expansively to mean 'suffer or permit to work.'" *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992) (quoting 29 U.S.C. § 203(g)).

"A collective action under the FLSA may be maintained only by and among employees who are similarly situated." *Harris v. Startek USA Inc.*, No. 22-cv-00437-RM-SKC, 2023 WL 3976432, at *1 (D. Colo. Mar. 31, 2023). The trial court is tasked with determining who is "similarly situated" for purposes of a § 216(b) claim in a "manner that is orderly, sensible, and not otherwise contrary to statutory command

---

[3] The issues presented in the Motion are not dispositive of any claims in this case, and further the Court denies the motion without prejudice to refiling, as discussed below. Thus, the Court addresses the Motion in an order as opposed to a recommendation.

3

or the provision of the Federal Rules of Civil Procedure." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170-72 (1989) (noting the court's "managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper manner"); *see also Thiessen v. Gen Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (noting that the FLSA does not define "similarly situated").

The Tenth Circuit has approved a two-step certification process to determine whether putative plaintiffs meet the similarly situated requirement. *Thiessen*, 267 F.3d at 1105. Under this approach, the trial court first makes a "notice stage" determination conditionally certifying a collective of similarly situated plaintiffs. *Id.* at 1102. After discovery has closed, the court then applies a stricter standard evaluating the "disparate factual and employment settings of the individual plaintiffs; the various defenses available to defendant which appear to be individual to each plaintiff; fairness and procedural considerations; and whether plaintiffs made the filings required by the [FLSA] before instituting suit." *Id.* at 1103 (cleaned up).

**B. Discussion**

At this initial juncture, the Court makes its determination by relying on the allegations in Plaintiffs' Complaint and any supporting affidavits filed with the Motion. *Ward v. Express Messenger Sys., Inc.*, No. 17-cv-02005-NYW, 2018 WL 1604622, at *3 (D. Colo. Apr. 3, 2018). "The court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility

4

determinations." *Id*. (cleaned up). The burden of proof at this stage is "lenient" and typically results in conditional certification. *Miller v. Startek USA, Inc.*, No. 11-cv-0017-REB-CBS, 2011 WL 1883012, at *1 (D. Colo. May 17, 2011) (citation omitted). But the burden of proof "is not non-existent, and it cannot be satisfied simply by unsupported assertions." *Ward*, 2018 WL 1604622, at *3. To be sure, "[t]he court may deny conditional certification where the complaint is wholly conclusory in nature, the supporting affidavit relies on hearsay from unidentified sources, and the nature of the violation is rendered ambiguous by the particular circumstances of the only named plaintiff." *Id*. These latter principles guide the Court's conclusion here.

Plaintiff seeks to represent a nationwide and apparently—although not entirely clear—international collective of "[a]ll current and former Inspectors (regardless of specific title) who are, or who have been, employed by NV5, Inc. at any time between September 21, 2019, and the present." Dkt. 25-5. He contends he is similarly situated to other Inspectors who were denied overtime compensation for hours worked over forty per week.

While a passing review of Plaintiff's Complaint might suggest he has met his light burden, closer examination tells a different story, particularly when also considering the affidavit Plaintiff includes with his Motion. Throughout his pleading, Plaintiff alleges the ways in which Defendant purportedly violated his rights under the FLSA. He then generally alleges Defendant routinely fails to properly pay its Inspectors. Dkt. 1 at ¶38. He contends "Defendant has a uniform policy and practice

5

to not pay Inspectors for all hours worked in excess of forty (40) hours per week and/or twelve (12) per workday." *Id.* at ¶40. These allegations regarding other Inspectors, however, appear to be extrapolated solely from Plaintiff's own experiences. This base extrapolation is insufficient. *See Saarela v. Union Colony Protective Servs., Inc.*, No. 13-cv-01637-MSK-MJW, 2014 WL 3408771, at *3 (D. Colo. July 14, 2014) (finding the plaintiff failed to make substantial allegations where his complaint was entirely conclusory in nature).

Plaintiff's supporting affidavit, included with the Motion, does not bridge the gap either.[4] It is clear from Plaintiff's attestations that his contentions regarding other Inspectors are based on mere assumptions. Dkt. 25-1 at ¶4. And although he says he hired an investigator to corroborate those assumptions, critically, he does not attest to what the investigator found. There is no affidavit from the investigator discussing the nature and scope of his investigation, or what his investigation revealed, to support Plaintiff's admitted assumptions about members of the purported collective being similarly situated. Nor did Plaintiff include affidavits from

---

[4] Plaintiff cites several cases in his Motion and Reply in support of his contention he satisfied his burden. The Court has reviewed them and concludes they are largely distinguishable because these cases either involved multiple plaintiffs, *German v. Holtzman Enterprises, Inc.*, No. 19-cv-03540-PAB-STV, 2021 WL 1087718, at *1 (D. Colo. Mar. 22, 2021); were supported with affidavits from other employees or specific evidence, *Bagoue v. Developmental Pathways, Inc.*, No. 16-cv-01804-PAB-NRN, 2019 WL 1358842, at *3 (D. Colo. Mar. 25, 2019) (substantial allegations supported by the defendant's responses to interrogatories); or were unopposed, *Prim v. Ensign United States Drilling, Inc.*, No. 15-cv-02156-PAB-KMT, 2019 WL 4751788, at *1 (D. Colo. Sept. 30, 2019).

6

other Inspectors to buffer his admitted assumptions. Thus, the Court does not credit Plaintiff's hearsay investigation.

By contrast, Defendant has submitted several affidavits from employees regarding the terms of their employment and wage payments they received from Defendant. *See* Dkt. 27. While the Court does not weigh the evidence or make any findings of fact regarding Defendant's submissions, the submissions do serve to highlight the dearth of evidence supporting Plaintiff's position. Without more, the Court concludes Plaintiff's evidence and allegations of "similarly situated" co-workers fail to satisfy the lenient standards set by *Thiessen*. Plaintiff has failed to demonstrate substantial allegations supporting his contention of a similarly-situated collective.

\* \* \*

For the reasons shared above, the Motion for Conditional Certification is denied without prejudice. Upon a more substantial showing that Defendant's alleged failure to pay overtime to Plaintiff was indicative of a policy applied to other similarly-situated employees, Plaintiff may renew his request.

DATED: September 19, 2023.

BY THE COURT:

S. Kato Crews
United States Magistrate Judge

7